UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

COLETTE SEQUIN and ANDREW SEQUIN, on behalf
of themselves and all others similarly situation,

      Plaintiffs

    -against-

RECOVERY MANAGEMENT SOLUTIONS, LLC,
JANE DOE a/k/a RUTH JOHNSON and DNF
ASSOCIATES, LLC,

     Defendants

------------------------------------------------------------------x

**CLASS ACTION
COMPLAINT**

6:17-cv-1225 (GTS/TWD)

## PRELIMINARY STATEMENT

1. The Plaintiffs COLETTE SEQUIN and ANDREW SEQUIN ("Plaintiffs") bring this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendants. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Based upon the Defendants' violations of the FDCPA, as set forth and alleged herein, the Plaintiffs, and the classes they seek to represent, are entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

**PARTIES**

3. The Plaintiffs are each a natural person.

4. At all times relevant to this Complaint, the Plaintiffs were citizens of, and otherwise resided in, Oneida County, New York.

5. The Defendant Recovery Management Systems, LLC ("RMS") is a New York State corporate debt collection entity and maintains a principle place of business located at 485 Cayuga Road, Suite 402, Cheektowaga, New York.

6. The Defendant Jane Doe a/k/a Ruth Johnson ("Johnson") is a natural person residing, upon information and belief, within a 50 mile radius of the office maintained by the Defendant RMS.

7. The Defendant Johnson is employed as a "Recovery Administrator" by the Defendant RMS and, at all times relevant herein, was acting within the scope of her employment.

8. The Defendants RMS and Johnson each collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

9. The Defendants RMS and Johnson are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant DNF Associates, LLC ("DNF") is a New York state corporate entity.

11. The Defendant DNF engages in the business of purchase and sale of defaulted consumer debts and maintains a principle place of business located at 352 Sonwil Dr., Cheektowaga, New York.

12. The Defendant DNF purchased the alleged debt, which is the subject of the collection efforts advanced by the Defendants RMS and Johnson as described herein, when said alleged debt was in default and is therefore vicariously liable for the violations of the FDCPA committed by the Defendants RMS and Johnson as described herein.

## JURISDICTION & VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiffs occurred within this federal judicial district.

## FACTS CONCERNING THE PLAINTIFFS

15. The Plaintiff Andrew Sequin is alleged by the Defendants to be indebted to the Defendant DNF for a debt which was allegedly originally incurred by the Plaintiff Andrew Sequin to Kay Jewelers.

16. Upon information and belief, DNF purchased the debt from another purchaser of defaulted consumer debt.

17. At a time unknown to the Plaintiffs the alleged DNF debt was forwarded to the Defendant RMS for collection purposes.

18. The monetary obligation alleged to be owed by the Plaintiff Andrew Sequin is a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

19. The Plaintiff Andrew Sequin is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

20. In the attempt to collect the alleged debt from the Plaintiff Andrew Sequin, the Defendant sent an email to the Plaintiff Colette Sequin on October 19, 2017.

21. Attached to said email is a collection letter dated October 19, 2017, addressed to the Plaintiff Andrew Sequin, which sets forth an alleged balance due to the Defendant DNF in the amount of $1,408.51. A copy of said letter is attached hereto as Exhibit "1"

22. Said letter offers an alleged "settlement amount" in the full amount of the debt.

23. The letter also states that "The payment must be in our office on or before October 19, 2017 as this offer will no longer be recognized by our office after said date."

24. This statement is patently unfair and otherwise creates a false sense of urgency as the Defendants would gladly accept payment of the debt balance at any time.

25. In addition to the email and letter sent by the Defendants to the Plaintiff Colette Sequin, the Defendant Johnson recently placed multiple telephone voice messages for the Plaintiffs as follows:

10/4/17 at 1:59 pm- Hi, this message is for Andrew Sequin. Andrew, this is Ruth Johnson I'm contacting you today from the pre-legal department at RMS. Andrew, I'm calling because there was a claim found in my department this morning concerning you. Ah, before I did anything in regard to this matter, I wanted to reach out to you just to give you the chance to discuss this matter with me. Ah, um, unfortunately this is a time sensitive issue, so it's important that you return this phone call IMMEDIATELY. Ah, you can reach me here at my office, again I'm with the pre-legal department at RMS, my direct line is 1-

716-362-6401 then when you call in you can refer to your claim number XXXXXX office number again is 1-716-362-6401 thank you.

10/6/17 at 3:35 PM- This message is for Colette Sequin. Colette, this is Ruth contacting you today from the pre-legal department at RMS and Colette I'm calling because there was an important matter, a legal matter that was transferred over to my department concerning Andrew, Andrew Sequin. Now we are trying to get in contact with Andrew, and haven't been able to do so. Um, you were left as a reference number secondary contact number for him. Now I did leave you a message the other day, I haven't gotten a response. Ah, this is a time sensitive issue it requires IMMEDIATE ATTENTION. If you could please have him contact the office right away at  1-716-362-6401.  When calling in he can refer to claim number which is XXXXXX. Office number again is 1-716-362-6401, thank you.

10/12/17 at 1:49 PM- This message is for Andrew Sequin. Andrew, this is Ruth Johnson contacting you today from the pre-legal department at RMS. Ah, I'm calling because there was a pre- legal matter of yours that was transferred over to my department, um, a few days ago I have left you a couple of messages concerning this matter and I haven't gotten a response due to NON RESPONSE a decision will be made on your behalf if we do not hear back from you IMMEDIATELY so this is a time sensitive matter. Please return this phone call to 1-716-362-6401 and then when calling in you can refer to your claim number which is XXXXXX. Office number again is 1-716-362-6401. Thank you.

10/12/17 at  3:06 PM- Hi. This message is for Colette. Colette, this is Ruth contacting you today from the pre-legal department at RMS and I'm calling because, um, there is a pre-legal matter that was transferred over to my department concerning Andrew Sequin .We

are trying to get in contact with Andrew and haven't been able to do so.

UNFORTUNATELY this is a time sensitive matter, it requires his immediate attention.

Colette, you were left as a reference number a secondary contact number for him. If you

could please have him contact the office immediately my number where I can be reached

is 1-716-362-6401. And then when calling in he can refer to claim number which is

XXXXXX, or, I'm sorry, which is XXXXXX. Office number again is   1-716-362-6401

thank you.

10/18/17 10:16 AM- Hi. This message is for Colette Sequin. Ah Colette, this is the final

attempt to reach out to you concerning a pre-legal matter that was transferred over to my

department. Now I am calling from the Legal Department at RMS and there was a claim

that was transferred over to my department concerning Andrew. Andrew Sequin now it is

pending and requires his immediate attention. Um, this is the final attempt to get in

contact with him. You were left as a reference number a secondary contact number for

him. If you could please have him contact the office immediately, um, my office number

where I can be reached is 1-716-362-6401. And then when calling in refer to claim

number, ah, which is XXXXXX. Office number again is 1-716-362-6401 thank you.

26. The telephone voice mail statements placed by the Defendant Johnson to the Plaintiffs

constitute multiple false threats of legal action in that no legal action was ever intended as

threatened by the Defendant Johnson.

27. The telephone voice mail statements placed by the Defendant Johnson to the Plaintiffs all

constitute a false sense of urgency.

28. The telephone messages placed by the Defendant Johnson each fail to advise that the

Defendant RMS is a debt collector.

29. The Defendant Johnson further violated the FDCPA by placing messages with third-parties asking for a "call-back" from the alleged debtor.

30. The false, deceptive and misleading statements set forth in the Defendant's collection letter, and the false, deceptive and misleading statements placed for the Plaintiff's via telephone voice mail, are material in that said statements affect the least sophisticated consumer's decision and/or ability to pay and/or challenge an alleged debt.

## CLASS ALLEGATIONS

31. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. This claim is brought on behalf of two classes consisting of:

   a. CLASS NUMBER 1- all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of this Complaint received a collection communication from the Defendant RMS which, except for the name and address of the Plaintiff Andrew Sequin and the reference to the particular alleged debt set forth therein, is identical in content and form to the computer generated collection letter attached as (Exhibit "1" hereto).

   b. CLASS NUMBER 2- all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of this Complaint received a telephone voice message placed by the Defendant Johnson in an attempt to collect any consumer personal debt which contains the

same or similar "talk-off"'s as are contained in the messages placed by the Defendant Johnson to the Plaintiff as set forth herein.

33. The identities of all class members are readily ascertainable from records maintained by the Defendants.

34. Excluded from the class defined heretofore herein are the Defendant RMS and the Defendant DNF together with their respective officers, members, partners, managers, directors, and employees of the Defendants RMS and DNF and their immediate families, and legal counsel for all parties to this action and all members of their immediate families.

35. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

36. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

37. The Plaintiffs will fairly and adequately protect the interests of the class defined in this Complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorney has any interests, which might cause them not to vigorously pursue this action.

38. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure:

   (a) **Numerosity:** The Plaintiffs are informed and believes, and on that basis alleges, that the classes defined above are each so numerous that joinder of all members of the classes would be impractical.

39. **Common Questions Predominate:** Common questions of law and fact exist as to all

members of each class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants utilized false, deceptive and misleading debt collection means in the attempts to collect alleged personal debts.

(c)     **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent members of the class. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f)     Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual

member of the classes, and a class action is superior to other available methods
for the fair and efficient adjudication of the controversy.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

40. The Defendants violated the FDCPA. The Defendants' violations include, but are not
limited to, the following:

The Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt
collection means during attempts to collect alleged consumer debts;

The Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and
legal status of alleged consumer debts;

The Defendants violated 15 U.S.C. § 1692e(5) by threatening unintended legal action in
conjunction with alleged consumer debts;

The Defendants violated 15 U.S.C. § 1692e(11) by failing to advise in all communications
that the Defendants are each a debt collector;

The Defendants violated 15 U.S.C. § 1692f by engaging in unfair debt collection conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of the
Plaintiffs and the classes as set forth below:

(i)    The maximum statutory damages for himself and the class as are allowed
pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

1692k(a)(B)(3); and

(iii)    For such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiffs demand that this case be tried before a Jury.

DATED: New York, New York
       November 3, 2017

                          ROBERT L. ARLEO, ESQ. P.C.

By: _/ s /  Robert L. Arleo_
     ROBERT L. ARLEO
     380 Lexington Avenue
     17th Floor
     New York, New York 10168
     PHONE (212) 551-1115
     FAX: (518) 751-1801
     Email: robertarleo@gmail.com
     Attorney for the Plaintiffs